```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                      :
JORDY SANCHEZ,                                                        :
                                                                      :
                                Plaintiff,                            :
                                                                      :      22-cv-9115 (LJL)
             -v-                                                      :
                                                                      :      MEMORANDUM AND
JEAN AUSTIN and CENTRAL GARDEN & PET                                  :           ORDER
COMPANY,                                                              :
                                                                      :
                                Defendants.                           :
                                                                      :
---------------------------------------------------------------------X
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/29/2023
```

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jordy Sanchez ("Plaintiff" or "Sanchez") moves, pursuant to 28 U.S.C. § 1447(e), for an order remanding this action to the New York State Supreme Court, Bronx County. Dkt. No. 34.

This case arises from an automobile collision on February 3, 2022, on the Cross Bronx Expressway in the Bronx, New York. Dkt. No. 1-1. Plaintiff Jordy Sanchez alleges she was driving on the Cross Bronx Expressway when her car was rear-ended by a vehicle driven by Defendant Jean Austin ("Austin"), which was traveling at a high rate of speed. *Id.* ¶¶ 8–9. Defendant Central Garden and Pet Company ("Central Garden" and with Austin, "Defendants") allegedly negligently entrusted the vehicle to Austin. *Id.* ¶ 12.

Plaintiff filed suit in New York State Supreme Court, Bronx County, asserting claims of negligence against both Austin and Central Garden and asserting damages in the sum of $1 million. *Id.* ¶ 15. Plaintiff alleges that she is a citizen of Bronx, New York. *Id.* at ECF p. 4. Austin is a resident of New Jersey. *Id.* ¶ 2. Central Garden is incorporated in the State of Delaware with its principal place of business in California. Dkt. No. 1 ¶ 7. On October 24,

2022, Defendants removed the action to this Court, based on diversity jurisdiction, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.  Dkt. No. 1.

The Court held an initial pretrial conference on January 10, 2023, and entered a case management plan and scheduling order, providing that all discovery was to be completed by June 23, 2023.  Dkt. No. 12.  The Court amended that order on April 10, 2023, providing that all discovery was to be completed by July 23, 2023, and summary judgment motions were to be filed no later than August 25, 2023.  Dkt. No. 22.  On May 17, 2023, new counsel appeared for Defendants.  Dkt. No. 26.  On June 6, 2023, on the consent motion of both sides, Dkt. No. 27, the Court entered a further amended case management plan providing for all discovery to be completed no later than January 23, 2024,  Dkt. No. 30.  Trial of this matter is scheduled for April 22, 2024.  *Id.*

This motion was filed on September 20, 2023.  Dkt. No. 34.[1]  Plaintiff seeks an order remanding the case to state court on the basis of a lawsuit against Plaintiff by the passengers in Plaintiff's car that was filed in New York State Supreme Court before this action was filed (the "Melo" lawsuit).  Dkt. No. 35 ¶¶ 4-5.  Plaintiff's counsel states that he previously was unaware of the Melo lawsuit.  Dkt. No. 35 ¶ 4.  Plaintiff invokes Section 1447(e) of Title 28, arguing that the two lawsuits arise from the same motor vehicle accident, that they should be consolidated for discovery and trial, and that  and that naming Plaintiff as a defendant in this case would destroy diversity jurisdiction.  *Id.* ¶¶ 8-10.  Defendants filed a memorandum of law in opposition to the motion on September 27, 2023.  Dkt. No. 36.  Plaintiff filed a reply affidavit on September 28, 2023.  Dkt. No. 37.

---

[1] Plaintiff originally filed a letter motion to remand on September 12, 2023.  Dkt. No. 31.  The Court denied that motion without prejudice to renewal by formal motion.  Dkt. No. 32.

2

Plaintiff's motion is foreclosed by the Second Circuit's decision in *LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 172 (2d Cir. 2023). The court there considered the question whether under 28 U.S.C. § 1447(e) and in the absence of a motion to join non-diverse parties, the district court had the authority to remand an otherwise properly removed state court case when a related matter was pending in state court and the prosecution of the two lawsuits in separate courts would risk inconsistent outcomes and waste judicial resources. The Second Circuit concluded that Section 1447(e) conferred no such authority. *Id.* at 172–74. Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). It addresses the district court's options when the plaintiff seeks to join non-diverse parties. The court has discretion whether or not to permit joinder but, if it permits joinder, it must remand. *LeChase*, 63 F.4th at 173. The statute does not give the court the authority to remand in the absence of a motion to join non-diverse parties. "The plain text of section 1447(e) authorizes district courts to 'remand [an] action to the [s]tate court' only '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction' and the district court decides, in its discretion, to 'permit [such] joinder.'" *Id.* at 172 (quoting 28 U.S.C. § 1447(e)). A contrary reading, the court stressed, would be "sharply at odds with 'the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Id.* at 173 (quoting *Colorado River Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)).

*LeChase* is dispositive here. Plaintiff does not move to join herself and sue herself as a defendant. Nor does she move to join the passengers in her car who are suing her in state court. She does not dispute that this case was properly removed. At bottom, her motion is based on the

notion that "[s]ince both actions arise from the same . . . transaction or occurrence and involve common questions of fact and law, . . . they should be consolidated for discovery and trial to avoid the possibility of differing decisions by different Courts." Dkt. No. 35 ¶ 9. In other words, Plaintiff asks the Court to remand on the precise grounds that the *LeChase* court held was error for the district court there to rely upon. If Plaintiff is worried about duplicative discovery, the answer is that counsel in the two cases can coordinate "to organize discovery across the two cases to achieve maximum efficiency. *Kurtz v. Uber Techs., Inc.*, 2021 WL 4777973, at *5 (S.D.N.Y. Oct. 13, 2021).[2]

        Plaintiff's motion to remand is denied.

        SO ORDERED.

Dated: September 29, 2023  
       New York, New York

                              LEWIS J. LIMAN  
                             United States District Judge

---

[2] Plaintiff's reliance on *Kurtz* is unavailing. The court there foreshadowed the Second Circuit's later decision in *LeChase*, writing that the motion to remand there based on the efficiencies of handling the two related cases in one court system, sat "uneasily alongside the text of § 1447(e), which affords a limited charter for a remand following a proper removal based on circumstances that undisputedly are not present here (an attempt by the plaintiff to join a diversity-destroying defendant)." *Id.* at *5. It avoided addressing the question whether Section 1447(e), in any event conferred such authority, only because it found that Plaintiff's delay in moving to remand, her responsibility in not moving for the two cases to be consolidated when they were both pending in state court, and the ability of counsel to manage across the two cases, all counseled against remand. *Id.* at *5–6.